UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL ROLES,

      Plaintiff,

v.

Case No. 24-cv-11455
Honorable Linda V. Parker

HENRY FORD HOSPITAL,

      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

### Background

On June 3, 2024, Plaintiff Crystal Roles filed this lawsuit against Defendant Henry Ford Hospital. (ECF No. 1.) On June 5, counsel for Defendant waived service of the summons and Complaint. (ECF No. 6.) Defendant's response to the Complaint therefore was due 60 days later, on August 4. (*See id.*); *see also* Fed. R. Civ. P. 12(a)(1)(A)(ii). The waiver and appearance of counsel for Defendant were filed on the docket on June 5. (ECF Nos. 5, 6.)

Defendant did not respond to the Complaint by August 4, however. Therefore, on August 21, Plaintiff requested a Clerk's Entry of Default (ECF No. 7), which was entered on August 22 (ECF No. 8). Defendant now moves to set aside that entry. (ECF No. 9.)

As Defendant explains in its motion, the delay in responding to the Complaint was due to its efforts to obtain more information concerning Plaintiff's relationship with Defendant. More specifically, Plaintiff alleges in her Complaint that she was Defendant's employee. (*See generally* ECF No. 1.) However, according to Defendant, Plaintiff was not an employee, but a worker contracted through a third-party staffing entity. Defendant attempted to gather records from that third-party in order to respond to the Complaint; however, there was delay in obtaining them.

Despite knowing the identity of and contact information for Defendant's attorney, Plaintiff's counsel did not contact that individual before requesting the Clerk's Entry of Default.[1] Defense counsel immediately contacted Plaintiff's counsel after the request was filed, asking Plaintiff to withdraw the request and to

---

[1] Arguably Eastern District of Michigan Local Rule 7.1(a), which requires a party to seek concurrence before filing a motion, does not apply to a Request for Clerk's Entry of Default against an opposing party that has not responded to the complaint. Nevertheless, Federal Rule of Civil Procedure 1 requires construction, administration, and employment of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Considering the circumstances of this case (i.e., that defendant waived service and its counsel had entered an appearance), an attorney complying with the rule would have contacted defense counsel before pursuing the default. Defense counsel, however, should have informed Plaintiff's counsel of the delay he was experiencing obtaining records needed to respond to the Complaint. Instead, counsel ignored the response deadline and waited more than two weeks after the deadline and until Plaintiff requested the Clerk's Entry of Default to contact opposing counsel.

grant Defendant an additional three weeks to respond to the Complaint. (ECF No. 9-6.) Plaintiff's counsel would only agree if Defendant waived its right to file a motion to dismiss in lieu of an answer. (*Id*.)

## Applicable Law & Analysis

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." In determining if "good cause" exists, courts consider whether: (1) the plaintiff will be prejudiced if the default is set aside; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983) (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

As to the first factor, Plaintiff would suffer no prejudice if the Clerk's Entry of Default is set aside. Delay alone is not a sufficient basis for prejudice. *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) ("Delay in adjudicating a

plaintiff's claim does not qualify as sufficient prejudice under Rule 55.") The only potential prejudice Plaintiff could possibly claim is her counsel's efforts to seek the Clerk's Entry of Default. However, Plaintiff's counsel was aware of who was representing Defendant and could have avoided the time and energy expended in filing the request had she first contacted that individual.

Turning to the second factor, Defendant has set forth a meritorious defense to Plaintiff's lawsuit. (*See* ECF No. 9 at PageID. 35-38.) Lastly, there is no evidence that culpable conduct led to the default. The Sixth Circuit Court of Appeals has held that a district court should set aside a default "if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Serv., Inc.*, 796 F.2d at 195. It would be an abuse of discretion for this Court to deny Defendant's motion unless it willfully failed to answer Plaintiff's Complaint. *See $22,050 U.S. Currency*, 595 F.3d at 324. A defendant's conduct must suggest "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings" to be deemed culpable for default. *Id*. at 327. That is not suggested here.

## Conclusion

For these reasons, the Court concludes that the Clerk's Entry of Default against Defendant should be set aside.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Set Aside Clerk's Entry of Default (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall file its response to Plaintiff's Complaint on or before September 20, 2024.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 3, 2024