Yes UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL ROLES,<br>                    Plaintiff,<br>v.<br><br>HENRY FORD HOSPITAL and<br>HENRY FORD HEALTH<br>SYSTEM,<br>                    Defendants.<br>_____/ | Case No. 24-11455<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER SANCTIONING PLAINTIFF'S COUNSEL

Plaintiff did not timely submit a settlement statement in advance of the December 9, 2024, settlement conference, as ordered. The Court ordered Plaintiff's counsel to show cause why sanctions should not be imposed. (ECF No. 21). In response, Plaintiff's counsel explained that she was out of the office when the Court's Notice to Appear was filed, so she was unaware of the settlement statement deadline. She also said that her assistant did not read the Notice and calendar the deadline. (ECF No. 22).

Counsel's response is insufficient. Being out of the office when an Order is filed or an assistant's failure to read the Order are not good reasons to justify missing a Court-ordered deadline.

The Court has the inherent authority to issue sanctions that "derives from its equitable power to control the litigants before it and to guarantee the integrity of

the court and its proceedings." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Federal Rule of Civil Procedure 16(f)(1)(C) also gives the Court authority to impose sanctions for failure to obey a pretrial order. The Order directing the parties to submit settlement statements is a pretrial order.

Under both Rule 16 and Court's inherent authority, the Court assesses a fine of $200 to Plaintiff's counsel made payable to the Clerk of the Court for Plaintiff's inexcusable failure to read the Court's Order and timely submit a settlement statement. The fine must be paid **within 14 days of this Order**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: December 6, 2024                    <u>s/Curtis Ivy, Jr.</u>
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge